**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**ROGER C. JOHNSON**                                                                                          **PLAINTIFF**

**VS.**                                                                **CIVIL ACTION NO. 3:17-cv-102-DPJ-FKB**

**DR. ROLANDO ABANGAN, et al**                                                                    **DEFENDANTS**

**REPORT AND RECOMMENDATION**

Before the undersigned for report and recommendation are two motions: Plaintiff Roger C. Johnson's Motion for Preliminary Injunction and Temporary Restraining Order [14], and the Motion to Dismiss or in the Alternative Revoke Plaintiff's *In Forma Pauperis* Status [24], filed by Defendants Rolando Abangan and Ollie Little. For the reasons described herein, the undersigned recommends the Court grant motion [24], and terminate motion [14] until such time as Johnson has paid the required filing fee.

Plaintiff, Roger C. Johnson, is an inmate currently incarcerated at the South Mississippi Correctional Institution ("SMCI"). Johnson filed suit on February 14, 2017, pursuant to 42 U.S.C. §1983, and is proceeding *pro se* and *in forma pauperis*. He alleges that while incarcerated at the East Mississippi Correctional Facility ("EMCF") he received inadequate medical care relating to his asthma. [1] at 5-9. He contends that due to that inadequate medical care, he suffered a collapsed lung in December 2016, and continued to suffer chest pain relating to the collapsed lung in January 2016. *Id.* He alleges that while he received treatment for his asthma condition at EMCF, he did not receive treatment frequently enough due to inadequate staffing at the facility. [1] at 4,5, 9. He contends that the "problems with the medical staff" cause him to be "in imminent danger of the serious physical injury of his lung collapsing again." *Id.* at 11-12.

1

Though the Court has permitted him to proceed *in forma pauperis* [10] to this point, Johnson has "three-strikes" under the Prison Litigation Reform Act,[1] a fact that Johnson concedes. [1] at 10. As the Fifth Circuit held when giving Johnson his third strike, "Johnson is therefore barred from proceeding *in forma pauperis* pursuant to § 1915 while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury." *Johnson v. Lewis*, 335 F. App'x 481, 483 (5th Cir. 2009)(citing 28 U.S.C. § 1915(g)).  In its order of May 14, 2017, entered under seal, the Court stated, "At this stage in the proceedings, the Court cannot definitely state that Johnson does *not* meet the exception provision. As such, the Court will grant Johnson's request to proceed *in forma pauperis* in this case." [10] at 2. Defendants Ollie Little and Dr. Rolando Abangan request that the Court revoke Johnson's IFP status, contending that Johnson does not meet the "imminent danger" standard.

**Legal Standard**

Title 28 U.S.C. § 1915(g) provides an exception to the three-strikes provision. In order to meet the exception, Johnson must be in "imminent danger of serious physical injury." The Fifth Circuit has held:

> [t]he plain language of the statute leads us to conclude that a prisoner with three strikes is entitled to proceed with his action or appeal only if he is in imminent danger at the time that he seeks to file his suit in district court or seeks to proceed with his appeal or files a motion to proceed IFP.

*Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir.1998). "Clearly, the danger must exist at the time the complaint is filed." *Banks v. Langford,* No. CIVA5:10-CV-53-KS-MTP, 2010 WL 1711757, at *2 (S.D. Miss. Apr. 26, 2010). "Further, [b]y using the term 'imminent,' Congress indicated that it

---

[1] Johnson has at least three strikes under the Prison Litigation Reform Act. *See* 28 U.S.C. §1915(g*); Johnson v. Presley, et al*., No. 4:07-cv-105-WAP-SAA (N.D. Miss. July 26, 2007); *Johnson v. Dorsey, et al.*, No. 4:08-cv-23-WAP-SAA (N.D. Miss. Apr. 4, 2008); *Johnson v. Lewis*, No. 4:08-cv-24-WAP-SAA (N.D. Miss. June 19, 2008). Johnson has also filed other lawsuits which have been dismissed. *See, e.g., Johnson v. Caskey*, No. 4:08-cv-114-DPJ-FKB (S.D. Miss. Aug. 19, 2011); *Johnson v. Caskey, et. al.*, No. 4:13-cv-100-CWR-LRA (S.D. Miss. June 17, 2013).

wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir.2002)(citing *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir.2001)).

### Johnson's Claim of Imminent Danger of Serious Physical Injury

Johnson's complaint makes clear that his claims are based upon the following: (1) inadequate medical staffing and treatment which led to his lung collapsing approximately 1-2 months prior to filing his complaint, (2) alleged insufficient medical treatment relating to his recovery from the collapsed lung prior to filing his complaint, and (3) alleged ongoing, insufficient medical treatment relating to his asthma which he contends could cause his lung to collapse again. *See* [1] at 11-12. When the Court allowed Johnson to proceed IFP, it had only his complaint in attempting to determine whether Johnson was in imminent danger of serious physical injury. Since then, Johnson has filed additional pleadings which shed more light on whether he was in "imminent danger" when he filed his complaint.

Four months after filing his complaint and motion to proceed IFP, Johnson filed motion [14] in which he stated:

> As set forth in the Complaint in this case, I was denied medical treatment for asthma causing [my] right lung to collapse, [and] denied medical treatment for the collapsed lung 12 days. [O]nce I was operated on and returned to the jail I was denied the prescribed medication and follow-up treatment and was still denied medical treatment for my asthma.

[14] at 1. Johnson asserts that his condition presents a risk of another collapsed or torn lung and that, when he filed his complaint, he was under imminent danger of serious physical injury due to alleged inadequate medical care at EMCF for his asthma. *See* [15] at 3.

Two months after filing his complaint Johnson was transferred from EMCF to Central Mississippi Correctional Facility ("CMCF"). Subsequently, Johnson filed a motion [14] requesting that the Court order his transfer from CMCF back to EMCF.

Among the reasons for seeking the transfer, Johnson claims that "CMCF does not ensure that I receive my required asthma treatments." [14] at 2. Further, Johnson stated that he has bipolar disorder, schizophrenia, and post-traumatic stress disorder and that if he does not get psychiatric treatment, his "symptoms . . . trigger very bad asthma attacks." *Id.* Johnson asserted that while CMCF does not provide proper psychiatric treatment, "EMCF has psychiatric staff available to treat inmates at all times." *Id.* Johnson, therefore, requested that he be transferred from CMCF back to EMCF in order to get better treatment for his psychiatric conditions and asthma.

Johnson is now housed at SMCI. Complaining that he is not getting proper treatment for his psychiatric conditions and asthma at SMCI, Johnson has again requested in multiple filings that the Court order his transfer back to EMCF. *See* [27], [28], and [29].

The undersigned finds that Johnson does not meet § 1915(g)'s "imminent danger" exception to the "three strikes" rule. *See Edmond v. Texas Dep't of Corrections, et al.,* No. 97–10819, 97–11170, 97–11202, 1998 WL 723877 (5th Cir. Oct. 7, 1998) (unpublished) (allegations about the quality of medical care, including delay in medical care for fractured jaw, found insufficient to satisfy the § 1915(g) exception); *Humphrey v. Lopez*, No. CIV.A.5:04-CV-094-C, 2004 WL 980512, at *2 (N.D. Tex. May 6, 2004)(finding that inmate's "complaints regarding his medical care . . . and delay in his medical treatment" did not demonstrate imminent danger of serious physical injury); *Jones v. Epps*, No. 2:08-CV-36-KS-MTP, 2008 WL 907663, at *1 (S.D. Miss. Apr. 2, 2008; *Gallagher v. McGinnis*, No. 00–1468, 2000 WL 739285, at *1 (E.D.La. June 5, 2000)("allegations of inadequate medical care for excruciating pain and ambulatory difficulties

4

exacerbated by prisoner's work assignments and the prison officials' indifference to his medical needs failed to establish danger of serious physical injury"); *Cain v. Shilling*, 2001 WL 515263, *2 (W.D.Va. March 14, 2001) (noting that prisoner did not establish "imminent danger of serious physical injury" where he complained that he did not receive the medical treatment he believed necessary); *Ford v. Foti*, 2001 WL 845461, *1 (E.D.La. July 25, 2001) (finding that an allegation of inadequate medical care for Hepatitis–C did not demonstrate imminent danger of serious physical injury)).

The sole basis for Johnson's claims of "imminent danger" was inadequate medical treatment for his asthma. However, Johnson admitted that he received medical treatment for his asthma at EMCF; he simply attested in his initial filings that it was not, in his opinion, frequent enough. Now, having been housed at two other facilities, Johnson has requested that he be returned to EMCF, where, according to Johnson, he would be provided the psychiatric and asthma treatment he needs. Based on the record, including Johnson's own admissions, the undersigned finds that Johnson has failed to show that he was in "imminent danger of serious physical injury" when he filed his complaint. Accordingly, his IFP status should be revoked.

## Conclusion

For the reasons stated above, the undersigned recommends that Defendants' Motion to Dismiss, or, in the alternative, Revoke Plaintiff's IFP Status [24] be granted. Specifically, the undersigned recommends that Johnson's IFP status be revoked and that Johnson be given sixty days to pay the filing fee in this matter. The undersigned further recommends that if Johnson does not object to this recommendation and does not pay the filing fee by the deadline, this case be dismissed without prejudice. The undersigned also recommends that Johnson's Motion for

Preliminary Injunction and Temporary Restraining Order [14] be terminated with instructions that he may refile it if he pays the filing fee.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 8th day of February, 2018.

                                                              /s/ F. Keith Ball  
                                                            UNITED STATES MAGISTRATE JUDGE