UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ROGER C. JOHNSON                                                                                    PLAINTIFF

V.                                                                    CIVIL ACTION NO. 3:17-CV-102-DPJ-FKB

DR. ROLANDO ABANGAN, ET AL.                                                              DEFENDANTS

ORDER

This prisoner lawsuit is before the Court on the Report and Recommendation of Magistrate Judge F. Keith Ball [32]. Plaintiff Roger Johnson has three strikes under the Prison Litigation Reform Act, so he is "barred from proceeding *in forma pauperis* pursuant to § 1915 while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury." *Johnson v. Lewis*, 335 F. App'x 481, 483 (5th Cir. 2009) (citing 28 U.S.C. § 1915(g)). Nevertheless, he filed this suit *in forma pauperis*, claiming he was under imminent danger of physical injury due to East Mississippi Correction Facility's ("EMCF") failure to provide adequate medical care for his asthma. Compl. [1] at 11–12. As Defendants, Johnson named Dr. Rolando Abangan and Nurse Little, who he identified as members of EMCF's medical staff. *Id.* at 3.[1]

After filing suit in February 2017, Johnson was transferred to Central Mississippi Correctional Facility ("CMCF") for a "custody upgrade." Johnson Mot. [14] at 1. And in October 2017, he was moved to South Mississippi Correctional Institution ("SMCI"). Johnson Am. Decl. [27] at 2. Interestingly, as pointed out by Judge Ball, Johnson asked in multiple filings to be returned to EMCF, "where there is medical treatment for his anxiety and other

---

[1] Curiously, according to Defendants' answers, they "provide medical services to the inmates incarcerated at the South Mississippi Correctional Institute." Abangan Answer [22] at 4; Little Answer [23] at 4.

mental issues that threaten his physical health further endangering his life." Johnson Am. Decl. [29] at 2; *see* Johnson Mot. [14] at 4 (claiming "the plaintiff is entitled to a temporary restraining order requiring the defendants to arrange transfer of the plaintiff to EMCF"). Despite these transfers, the question is whether Johnson was in imminent danger of serious physical injury "when he filed his complaint." *Cloud v. Stotts*, 455 F. App'x 534, 535 (5th Cir. 2011) (citing § 1915(g); *Banos v. O'Guin*, 144 F.3d 883, 884–85 (5th Cir. 1998)).

Defendants contend he was not and moved to dismiss his complaint or alternatively to revoke *in forma pauperis* status. They argue his allegations of delay in receiving his breathing treatments due to understaffing do not demonstrate imminent harm. Defs.' Mot. [24] at 3. Judge Ball agreed, finding that Johnson's admission that he had received treatment at EMCF, though infrequently, combined with his request to return to that facility, warranted revocation of his *in forma pauperis* status. R. & R. [32] at 5.

A close review of Johnson's allegations suggests that they are better characterized as complaints regarding the frequency and timeliness of his medical care; he has not advanced facts that indicate he is in imminent danger. For example,

- Johnson says he has asthma and is "constantly" refused, or made to wait for, breathing treatments. He explains that he does "not have a rescue inhaler and can only get breathing treatments every 4 hours." Compl. [1] at 5.

- Johnson suffered a collapsed lung in December 2016, which necessitated a visit to the emergency room and hospitalization. This event, which makes up the bulk of his Complaint, occurred almost three months before filing suit. He recovered and was returned to general population on January 5, 2017. *Id.* at 5–7.

- Similarly, much of Johnson's Complaint takes issue with the treatment he received on January 11, 2017, more than one month before filing suit. He claims he complained of chest pain, but the medical unit returned him to his cell without treatment. He came back to the medical unit later that evening, and a nurse practitioner gave him a shot for pain. He says that particular nurse "did not agree with the way [he] was being treated." *Id.* at 8–9.

2

- As for his condition at the time of filing suit, Johnson alleges that "[t]here is still a problem with getting me to medical for breathing treatments" and he is "still being told [to] wait until pill call" at 10:00 p.m., or sometimes midnight. *Id.* at 9.

Johnson's Objection further supports this conclusion. Obj. [33] at 3 (complaining about the timeliness of treatment, such as having to wait 5–8 hours for breathing treatments).[2]

This finding is consistent with other courts' handling of imminent-danger exceptions in cases of asthma or other chronic medical conditions. For example, in *Cain v. Shilling*, the court concluded the plaintiff was not in imminent danger where he received a breathing treatment for his asthma the day before filing suit. No. 799-CV-00898, 2001 WL 515263, at *2 (W.D. Va. Mar. 14, 2001). The court observed that the plaintiff had "received the treatments that are available," even if he did not "receive the treatment he believes is necessary." *Id.* In another asthma case, the Seventh Circuit said the plaintiff's "struggle to breathe" was "a normal incident of asthma rather than a 'serious' incremental harm." *Sanders v. Melvin*, 873 F.3d 957, 960 (7th Cir. 2017). The court noted that the plaintiff's fears about a future attack did not amount to imminent danger of serious physical injury. *Id.* Likewise, the court in *Oliver v. Ashby* dismissed a three-strikes prisoner's complaints of being denied his inhaler. No. 13-00263-KD-B, 2013 WL 6842805, at *2 (S.D. Ala. Dec. 27, 2013). The court cited the absence of allegations that the prisoner was "suffering any breathing problems when he signed his complaint" or that "he did not receive *any* asthma medication." *Id.*

---

[2] Johnson also seems to compare what he claims was "medically prescribed" with the treatment he actually received. Obj. [33] at 3. But it is not clear who allegedly prescribed this treatment. And at least one ARP response from Dr. Abangan suggests that Johnson is demanding treatment that is not considered medically necessary. *Id.* at 44 ("If your O2 Sat is 95 & above you do not need breathing treatment.").

These cases, and others like them, support Judge Ball's finding that Johnson is not entitled to the imminent-danger exception. *See Brown v Beard*, 492 F. Supp. 2d 474, 478 (E.D. Pa. 2007) (denying *in forma pauperis* status where the plaintiff did not dispute he was receiving medical attention for high blood pressure, low blood sugar, and high cholesterol, "but merely disputed findings and quality of treatment he is receiving").

Accordingly, the Report and Recommendation [32] is adopted as the opinion of the Court. Defendants' motion [24] to revoke *in forma pauperis* status is granted. Johnson's *in forma pauperis* status is revoked; if he wishes to continue this lawsuit, he must pay the filing fee within sixty days. Failure to do so will result in dismissal without further notice.

Finally, the Court finds that Johnson's Motion for Preliminary Injunction and TRO [14], which complains about conditions at CMCF (where Plaintiff is no longer housed), should be terminated as moot.[3]

**SO ORDERED AND ADJUDGED** this the 15th day of March, 2018.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] Much of what Johnson complains about in his briefs relates to the conditions at his current facility. Those issues must be pursued in another action against those potential defendants.