# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

ROGER C. JOHNSON #59980                                                    PLAINTIFF

V.                              CIVIL ACTION NO. 3:17-CV-102-DPJ-FKB

DR. ABANGAN, ET AL.                                                  DEFENDANTS

## ORDER

Plaintiff Roger Johnson filed this action in February 2017, alleging that he was not receiving adequate medical care at East Mississippi Correctional Facility ("EMCF"). Following dismissal, the action is once again before the Court for consideration of Johnson's *in forma pauperis* status on appeal, despite his status as a three-strikes litigant.

## I. Facts and Procedural History

On March 15, 2018, the Court adopted the Report and Recommendation of United States Magistrate Judge F. Keith Ball, revoked Johnson's *in forma pauperis* status, and gave him sixty days to pay the filing fee. Order [35]. Specifically, the Court found that Johnson's allegations were better characterized as complaints about the frequency and timeliness of his medical care at EMCF and did not suggest he was in imminent danger at the time he filed his Complaint. *Id.* at 2–4.

Rather than pay the filing fee, Johnson filed a motion to reconsider. On June 12, 2018, the Court denied the motion for reconsideration, again allowing Johnson sixty days to pay the filing fee. Order [39]. On July 2, 2018, Johnson filed a notice of appeal [40] and a document [41] titled "Reason In Forma Pauperis Should be Granted," stating he was entitled to pauper status because he is in imminent danger.

In response, the Court entered an Order directing Johnson to file a completed application to proceed *in forma pauperis* on appeal by August 6, 2018, and attached a copy of the required application. Order [43]. Johnson filed a "Declaration in Support of Request for Leave to Proceed In Forma Pauperis" [44], a "Brief in Support . . ." [45], and a "Motion for Jury Trial" [46]—none of which contained the completed *in forma pauperis* application. On August 10, 2018, the Court denied Johnson *in forma pauperis* status on appeal, citing his failure to comply with the prior Order [43]. Order [47]. Since then, Johnson has filed four motions—an "Amendments to the Motion for the Appointment of Counsel" [48], a "Motion for Reconsideration to Order Document [47]" [49], an "Amended Motion for Reconsideration to Order Document [47]" [51], and a duplicate "Amended Motion for Reconsideration to Order Document [47]" [52] (with exhibits).

II. Analysis

A. Appointment of Counsel

Looking first at the "Amendments to the Motion for the Appointment of Counsel" [48], Johnson claims that he submitted a motion for appointment of counsel to the Court on August 1, 2018, but no such filing can be found on the docket. He presents the Court with four pages of changes to be made to that filing. Mot. [48] at 1–5. While the actual motion to appoint counsel was not received by the Court as a separate filing, a copy of that motion is included as an exhibit to Johnson's "Amended Motion for Reconsideration to Order Document [47]". Mot. [52] at 16 ("Motion for the Appointment of Counsel").

A district court should consider four factors in deciding a motion to appoint counsel: (1) the type and complexity of the case; (2) whether the plaintiff is capable of adequately presenting his case; (3) whether the plaintiff is in a position to adequately investigate the case; and (4)

whether "the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination." *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982).

First, Johnson's claim of inadequate medical attention is not particularly novel or complex. *See Jackson v. Dall. Police Dept.*, 811 F.2d 260, 262 (5th Cir. 1986) ("The section 1983 action that Jackson has filed involves issues that have been briefed and analyzed in numerous cases."); *Feist v. Jefferson Cty. Comm'rs Court*, 778 F.2d 250, 253 (5th Cir. 1985) ("Feist's action was not complex as it relied solely on factual matters that Feist was able to investigate and present to the court on his own."). As to factors two and three, Johnson has demonstrated that he is capable of investigating and presenting his case, as evidenced by his approximately 26 filings, some of which include exhibits in support [33, 52]. *See Jackson*, 811 F.2d at 262 ("[T]he record demonstrates that Jackson has done a very credible job in presenting motions and in filing supporting papers on behalf of his case. Jackson has filed ten different items ranging from his original complaint to the notice of appeal that brought this matter before this court."). And lastly, the Court "cannot say at this point whether or not the evidence will consist in large part of conflicting testimony for which [Johnson] would require assistance of counsel." *Id.*

In sum, the Court has reviewed the motion and considered the applicable factors and finds that Johnson has not shown that appointment is warranted. *See Butler v. Williams*, 476 F. App'x 300, 301 (5th Cir. 2012) (denying appointment of counsel in prisoner-civil-rights action where the plaintiff "failed to show that his case presents exceptional circumstances"); *Ulmer*, 691 F.2d at 212 ("A civil rights complainant has no right to the automatic appointment of counsel. The trial court is not required to appoint counsel for an

indigent plaintiff asserting a claim under 42 U.S.C. § 1983 unless the case presents exceptional circumstances." (citations omitted)). Johnson's motion [48], construed as a motion for appointment of counsel, is denied.

  B.  *In Forma Pauperis* on Appeal

In the remaining motions [49, 51, 52], Johnson asks the Court to reconsider its August 10, 2018 denial [47] of his application to proceed *in forma pauperis* [41] on appeal.[1] Johnson explains that he mailed his completed application to proceed on appeal *in forma pauperis* on August 1, 2018, but it was returned as undeliverable. Mot. [52] at 1. In support, he attaches a copy of his completed Motion to Proceed in Forma Pauperis, which he signed and dated on July 31, 2018.[2] *Id.* at 8 ("Motion to Proceed In Forma Pauperis"). Notably, however, the required Authorization Form filled out by the institution is signed and dated June 20, 2018, prior to the filing of his notice of appeal. *Id.* at 14. But Johnson represents that he "has not had any money in his inmate account for over 5 years and does not expect any income, so he substituted the form." Mot. [49] at 2. The Court, in its discretion, finds that Johnson has substantially complied with its Order to submit a completed application to proceed *in forma pauperis*. That said, Johnson is not automatically granted *in forma pauperis* status on appeal simply because his application is before the Court. Because he has three strikes, he must show that he is in imminent danger.

The question is whether "danger exist[ed] at the time" Johnson filed his notice of appeal [40]/motion to proceed *in forma pauperis* [41] (both signed June 27, 2018). *Banos v. O'Guin*,

---

[1] As stated, Johnson is appealing the Court's denial [39] of his motion to reconsider [36] the denial of *in forma pauperis* status [35] in the underlying action.

[2] This application is the one the Court attached to its July 17, 2018 Order; it contains the header reflecting the case number and filing date.

144 F.3d 883, 885 (5th Cir. 1998) ("[B]y using the present tense, [28 U.S.C. § 1915(g)] clearly refers to the time when the action or appeal is filed or the motion for IFP status is made."). But this analysis is complicated by the fact that Johnson is no longer housed at EMCF. He was transferred to South Mississippi Correctional Institute ("SMCI") in October 2017, approximately eight months after filing this lawsuit. *See* Order [35] at 1 (noting Johnson was moved to Central Mississippi Correctional Facility in February 2017 and then to SMCI in October 2017); *id.* at 4 n.3 ("Much of what Johnson complains about in his briefs relates to the conditions at his current facility. Those issues must be pursued in another action against those potential defendants.").

Out of an abundance of caution, the Court has reviewed all filings docketed by Johnson since June 27, 2018. Some of those filings do not touch on imminent danger. *See* Notice of Appeal [40]; Demand for Jury Trial [46]; "Motion for Reconsideration to Order Document [47]" [49]; "Amended Motion for Reconsideration to Order Document [47]" [51]. But other filings do:

> 2. The Plaintiff is in "imminent danger," specifically, he is being denied any medical treatment for his asthma and injuries resulting from the collapsed lung, or current chest pains.
> 3. The medical department is not answering sick-call requests or giving breathing treatments.

"Reason In Forma Pauperis Should be Granted" [41] at 1 (signed at SMCI June 27, 2018).

> 6. The asthma attacks have caused me to suffer the injury in this complaint, and this complaint is against the supervisors of the medical department, also the medical treatment I am receiving following the near death injury.
> 7. I am still not receiving medical treatment prescribed for my asthma, presently.
> . . .
> 11. At the time I filed my notice of appeal I was not receiving any medical treatment for my asthma or the chest pains resulting from the collapsed lung, at all.

"Declaration in Support of Request for Leave to Proceed In Forma Pauperis" [44] at 1–2 (signed at SMCI July 16, 2018).

> 4. At the time the Plaintiff filed his notice of appeal, he was not receiving any treatment for his asthma; he was not being allowed to receive the breathing treatments prescribed by the physician and the Defendants refused to issue him an inhaler.
> . . .
> 7. Presently the Plaintiff is not receiving any treatment for his asthma; he is not receiving the breathing treatments prescribed by the physician and the Defendants refuse to give him an asthma inhaler.
> 8. On May 30, 2018, [t]he Plaintiff did file a complaint to the Southern District Court concerning his present denial of medical treatment, case number 1:18cv00222-HSO-JCG.
> 9. The present denial of treatment is ongoing from the complaint the Plaintiff is appealing.
> Because the Plaintiff is in immenent [sic] danger of serious physical injury, the denial of asthma treatment will eventually cause his death, the Plaintiff should be allow[ed] to proceed in forma pauperis on appeal.

"Brief in Support of Declaration in Support of Request to Proceed In Forma Pauperis" [45] at 1–2 (signed at SMCI July 18, 2018).

This set of circumstances is unique. Johnson's complaints about imminent danger at the time he filed his notice of appeal relate to medical treatment he is receiving (or not receiving) at SMCI. But the underlying lawsuit and appeal relate to medical treatment he received at a different facility (EMCF) and at the hands of different individuals. Compl. [1] (listing defendants as Dr. Abangan, Health Care Administrator, and Nurse Little at EMCF).

Johnson says the current denial of medical treatment "is ongoing from the [underlying] complaint," but allowing him to proceed *in forma pauperis* against Dr. Abangan and Nurse Little based on conditions at a different facility seems to run counter to the spirit of § 1915(g). *See Okpala v. Vasquez*, No. 5:15-CV-40-DCB-MTP, 2017 WL 374909, at *2 (S.D. Miss. Jan. 26, 2017) ("The plaintiff was not in imminent danger of serious physical injury from any of the defendants from the Federal Correctional Complex Beaumont Low at the time his complaint was filed because he was not at that facility at the time. Therefore, the plaintiff should not be allowed to proceed IFP against the Federal Correctional Complex Beaumont Low defendants,

because he could not have been in imminent danger of serious physical injury from those Defendants at the time his Complaint was filed."), *appeal dismissed*, No. 17-60135, 2017 WL 3912609 (5th Cir. June 9, 2017); *see also Williams v. Paramo*, 775 F.3d 1182, 1190 (9th Cir. 2015) ("Applying our test to Williams, we conclude that she sufficiently alleged an ongoing danger at the time she filed her notice of appeal. Williams alleges an ongoing danger— threats to her safety by other inmates—that arises from the conduct of the original Defendants."); *King v. Livingston*, 406 F. App'x 931, 932 (5th Cir. 2011) ("King's allegations cannot show that he is under imminent danger of serious physical injury from the alleged actions of these defendants.").[3] Stated simply, granting an imminent-danger exception for *in forma pauperis status* would allow Johnson to pursue an appeal against staff at EMCF because of conditions at SMCI.

Moreover, the Court notes that to the extent Johnson's conditions at SMCI suggest he is in imminent danger, he is presently proceeding *in forma pauperis* against SMCI personnel in a separate action. *Johnson v. Banks* No. 1:18-CV-222-HSO-JCG, Order [6] (granting *in forma pauperis* status under the imminent-danger exception).

Johnson's motions to reconsider the order denying *in forma pauperis* status on appeal [49, 50, 51, 52] are denied.

---

[3] Johnson's transfer to SMCI (and his treatment there) had no bearing on the Court's initial imminent-danger determination. Because the relevant inquiry was whether he was in imminent danger at the time he filed the Complaint, the Court looked at Johnson's circumstances while under the care of Defendants at EMCF. Order [35] at 2.

III.     Conclusion

The Court has considered all arguments raised; those not addressed would not have changed the outcome. For the reasons stated, Johnson's currently pending motions [48, 49, 51, 52] are denied.

**SO ORDERED AND ADJUDGED** this the 25th day of October, 2018.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE